## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **APRESE SYSTEMS TEXAS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**NISSAN MOTOR CO., LTD., NISSAN NORTH AMERICA, INC., AND CENTRAL AUSTIN MOTORCARS, LLC D/B/A SOUTH AUSTIN NISSAN,**<br><br>Defendants | **Case No.  6:21-cv-1299**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aprese Systems Texas, LLC ("Plaintiff" or "Aprese") files this Complaint against Defendants Nissan Motor Co., Ltd., Nissan North America, Inc., and Central Austin Motorcars, LLC d/b/a South Austin Nissan (collectively "Nissan" or "Defendants") for infringement of Aprese's patents: U.S. Patent Nos. 8,887,155, 8,732,697, 9,207,924, and 10,255,059.

## THE PARTIES

1.      Plaintiff and patent owner Aprese is a Texas limited liability company with its headquarters and principal place of business in Austin, Texas.

2.      Nissan Motor Co., Ltd. is a Japanese Corporation having a principal

place of business at 1-1, Takashima 1-chome, Nishi-ku, Yokohama-shi, Kanagawa 220-8686, Japan.

3.     Nissan North America, Inc. is a limited liability company registered to do business in Texas and organized and existing under the laws of the State of California with a principal place of business at One Nissan Way, M.S. A-5-C, Franklin, TN 37067. Defendant may be served with process through its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

4.     Central Austin Motorcars, LLC d/b/a South Austin Nissan ("South Austin Nissan") is a Texas limited liability company with its headquarters and principal place of business in Austin, Texas and may be served with process via its designated agent Ricardo M. Weitz at 3800 Southwest Freeway, Suite 300, Houston, TX 77027.

## JURISDICTION AND VENUE

5.     This is a patent suit brought under the United States Patent Act, namely 35 U.S.C. §§ 271, 281, and 284-285, among other laws.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1392(c)(3).  South Austin Nissan is headquartered in and does business in this judicial district. Nissan North America, Inc. has a regular and established place of business in the Western District of Texas through its agents South Austin Nissan and other authorized dealerships through which Nissan

exclusively distributes new automobiles through South Austin Nissan and other authorized dealerships in this District. Further, Nissan North America, Inc. conducts its business of the provision of new purchase warranties and services pursuant to those warranties to the consuming public in the Western District of Texas through its authorized dealerships, like South Austin Nissan, located in the Western District of Texas. Nissan Motor Co., Ltd. is a foreign entity and does business in this judicial district, including with South Austin Nissan and various other authorized dealerships in Austin, Texas. Defendants market, sell, and deliver accused products in this district, direct and instruct customers and end users how to use the accused products in this district, and have committed acts of infringement in this judicial district.

7.      As a resident of Texas, South Austin Nissan is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute. As entities that have sufficient minimum contacts in Texas, Nissan Motor Co., Ltd., and Nissan North America, Inc. are subject to this Court's specific personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute. Defendants conduct substantial business in this State and judicial district, including at least part of the infringing activities, regularly conduct and solicit business in Texas and derive substantial revenue from selling goods to Texas residents.

<u>THE APRESE PATENTS</u>

8.      Plaintiff is the owner, by assignment, of U.S. Patent No. 8,887,155 (the

"'155 Patent"), titled SYSTEM, METHOD, AND APPARATUS FOR MANAGING APPLICATIONS, INFORMATION, AND SERVICES, which issued on November 11, 2014.  A copy of the '155 Patent is available from the U.S. Patent Office at https://pdfpiw.uspto.gov/.piw?Docid=8887155+&idkey=NONE&homeurl=http%3A%252F%252Fpatft.uspto.gov%252Fnetahtml%252FPTO%252Fpatimg.htm.

9.      Plaintiff is the owner, by assignment, of U.S. Patent No. 9,207,924 (the "'924 Patent"), titled APPARATUS FOR ENABLING DELIVERY AND ACCESS OF APPLICATIONS AND INTERACTIVE SERVICES, which issued on December 8, 2015.   A copy of the '924 Patent is available from the U.S. Patent Office at https://pdfpiw.uspto.gov/.piw?Docid=9207924+&idkey=NONE&homeurl=http%3A%252F%252Fpatft.uspto.gov%252Fnetahtml%252FPTO%252Fpatimg.htm.

10.     Plaintiff is the owner, by assignment, of U.S. Patent No. 8,732,697 (the "'697 Patent"), titled SYSTEM, METHOD AND APPARATUS FOR MANAGING APPLICATIONS ON A DEVICE, which issued on May 20, 2014. A copy of the '697 Patent is available at  https://patents.google.com/patent/US8732697B2/en?oq=8%2c732%2c697.

11.     Plaintiff is the owner, by assignment, of U.S. Patent No. 10,255,059 (the "'059 Patent"), titled METHOD APPARATUS AND SYSTEMS FOR ENABLING DELIVERY AND ACCESS OF APPLICATIONS AND SERVICES, which issued April 9, 2019. A copy of the '059 Patent is available at https://patents.google.com/patent/US10255059B2/en?oq=10%2c255%2c059.

12.     Aprese possesses all rights of recovery under the Asserted Patents.

## NISSAN PRODUCTS

13.     On information and belief, Nissan makes, imports, sells, offers to sell, distributes, licenses, markets and/or uses the Nissan in-dash multimedia systems in Nissan vehicles such as the Altima and Armada ("the Accused Products").

14.     On information and belief, South Austin Nissan, sells and offers to sell the Accused Products.



[New Nissan for Sale in Austin | South Austin Nissan](New Nissan for Sale in Austin | South Austin Nissan)

15.     The Accused Products are compatible with the Apple CarPlay and Android Auto Applications.



[Apple Carplay | Nissan USA](#)



[Android Auto | Nissan USA](#)



[Nissan Android Auto & Apple CarPlay Compatibility](#)

16.     The Accused Products are compatible with NissanConnect.



[NissanConnect | Nissan USA](#)

17.     Nissan publishes the following information about the NissanConnect features and services:





[NissanConnect Features | Nissan USA](#)

18.    Nissan publishes the following information about NissanConnect and the Nissan Mobile Partner Application:



With the Nissan Mobile Partner companion app, drivers can stay connected even when on the road. This app works with the vehicle display to bring new levels of driving related information and entertainment to the vehicle by customizing popular apps to the Nissan vehicle environment. Drivers can select and configure their favorite supported apps from the "Manage My Apps" tab found within Nissan Mobile Partner app.

System compatibility requirements - What you will need to use this app and service in your Nissan:

• A compatible and equipped Nissan vehicle registered and located within supported countries

• A compatible smartphone with a data plan

• USB Cable (for navigation-equipped vehicles)

https://play.google.com/store/apps/details?id=com.nissan.nissanconnect&hl=en_US

19.    Nissan publishes the following information about NissanConnect and Nissan Mobile Partner Application:



https://apps.apple.com/us/app/nissan-mobile-partner/id659688970

20.    Nissan instructs and encourages its customers to enable and use Apple



[Apple Carplay | Nissan USA](#)



[NissanConnect Support & FAQ | Nissan USA](#)



[NissanConnect Overview - Bing video](#)

## NOTICE OF APRESE'S PATENTS

21.     Plaintiff is the owner, by assignment, of U.S. Patent No. 9,210,214 (the

"'214 Patent"), titled SYSTEM, METHOD AND APPARATUS FOR ENABLING ACCESS TO APPLICATIONS AND INTERACTIVE SERVICES, which issued on December 8, 2015. A copy of the '214 Patent is available at https://patents.google.com/patent/US9210214B2/en?oq=9%2c210%2c214.

22.     Plaintiff is the owner, by assignment, of U.S. Patent No. 9,215,273 (the "'273 Patent"), titled APPARATUS FOR ENABLING DELIVERY AND ACCESS OF APPLICATIONS AND INTERACTIVE SERVICES, which issued on December 8, 2015. A copy of the '273 Patent is available at https://patents.google.com/patent/US9215273B2/en?oq=9%2c215%2c273.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,887,155**

23.     Plaintiff incorporates the above paragraphs herein by reference.

24.     The '155 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

25.     The Accused Products are designed to connect to provide interactive services using applications.

26.     Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including claims 1, 12, and 15 of the '155 Patent by making, using, importing, selling, and/or, offering for sale the Accused Products in the United States without authority.

27.     Defendants have infringed and continue to infringe the '155 Patent either directly or through the acts of inducement in violation of 35 U.S.C. § 271.

28.     Defendants encourage others, including their customers, to use the

Accused Products in the United States without authority.

29.     Claim 1 of the '155 Patent recites:

1.    A media device for providing interactive services using applications, said media device comprising:

a.    at least one non-transitory computer-readable storage medium having a computer-readable program stored therein, said computer-readable program executable by a processor associated with said media device;

b.    said computer-readable program comprising sets of instructions to enable said processor to:

    i.     associate with a client device;

    ii.    receive a plurality of information comprising a first application identification information from said client device, wherein said plurality of information is based on at least one of an environment, a user interaction event and activity on said client device;

    iii.   identify a first application using said first application identification information;

    iv.    enable access to said first application on said media device; and

    v.     enable display of information related to at least one of applications and media on a display associated with said

media device.

30.     As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include media devices, compatible with Apple CarPlay, Android Auto, and NissanConnect, for providing interactive services using applications.

31.     As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include at least one non-transitory computer-readable storage medium having a computer-readable program stored therein, the computer-readable program executable by a processor associated with the media device.

32.     As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a computer-readable program comprising sets of instructions to enable the processor to associate with a client device, receive a plurality of information comprising a first application identification information from client device, wherein the plurality of information is based on at least one of an environment, a user interaction event and activity on client device, identify a first application using first application identification information, enable access to first application on media device; and enable display of information related to at least one of applications and media on a display associated with media device (e.g., icons, application names, media content identifiers and/or web content).

33.     Defendants encourage and instruct their customers and other end

users in the use and operation of the Accused Products via advertisements, technical materials, instructional materials, communications through their dealership network, and otherwise.

34.     Defendants encourage, direct, aid, and abet the use, configuration, and installation of the Accused Products by, for example, instructing customers and end users how to use the Accused Products in an infringing manner.

35.     Defendants have undertaken no effort to modify the Accused Products or instruct customers or end-users how to avoid infringement.

36.     Plaintiff has been damaged by Defendants' infringement of the '155 Patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,207,924

37.     Plaintiff incorporates the above paragraphs herein by reference.

38.     The '924 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

39.     The Accused Products are designed to connect to provide interactive services using applications.

40.     Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including claim 1 and claim 9 of the '924 Patent, by making, using, importing, selling, and/or, offering for sale the Accused Products in the United States without authority.

41.     Defendants have infringed and continue to infringe the '924 Patent either directly or through the acts of inducement in violation of 35 U.S.C. § 271.

42.     Defendants encourage others, including their customers, to use the Accused Products in the United States without authority.

43.     Claim 1 of the '924 Patent recites:

1.     A non-transitory computer-readable storage medium having a first set of computer-readable programs stored therein, said first set of computer-readable programs comprising one or more computer-readable programs, said first set of computer-readable programs comprising sets of instructions executable by a processor, said firs set of computer-readable programs comprising sets of instructions when executed by a processor enables a consumer device to at least:

i.     associate said consumer device with a provider device;

ii.     enable a first retrieval of at least a portion of a first plurality of information using at least one or more of a wired communication interface and a wireless communication interface;

iii.     enable at least one or more of:

a.   display of a first content on a display associated with said consumer device, at least a portion of said first content determined based on at least a portion of said first plurality of information; and

b.   processing of at least a portion of said first plurality of information by a processor;

iv.     enable a second retrieval of at least a portion of a second plurality of information using at least one or more of a wired communication interface and a wireless communication interface, wherein at least a

portion of one or more of:

    i.    information associated with said second retrieval, and

    ii.    method of said second retrieval;

is determined based on at least a portion of said first plurality of information;

v.    determine at least a portion of a third plurality of information based on at least a portion of said second plurality of information;

vi.    send at least a portion of said third plurality of information to said provider device;

vii.    receive a fourth plurality of information from said provider device;

viii.    enable at least one or more of:

    a.  determination of a first application, said first application comprising sets of instructions executable by a processor;

    b.  access said first application; and

    c.  execution of a set of instructions associated with said first application;

based on at least a portion of said fourth plurality of information, said first application can be from a first repository of one or more applications installed on said consumer device, said first repository can have applications added to it or removed from it, when said consumer device is not associated with said provider device.

44.    Claim 9 of the '924 Patent recites:

9. (amended) A non-transitory computer-readable storage medium having at

least a computer-readable program stored therein, said computer-readable program comprising sets of instructions executable by a processor, said computer-readable program comprising a one or more set of instructions when executed by a processor enables a provider device to at least:

i. associate said provider device with a consumer device;

ii. receive a first plurality of tags [information] from said consumer device, said first plurality of tags corresponding to a plurality of applications [information comprising information related to a one or more applications], wherein a tag encompasses any type of data that facilitates determination of an application;

iii. determine at least a portion of the first plurality of tags, producing a second plurality of tags [information], based on at least information comprising at least a portion of said first plurality of tags [information] and based on an activity or environment of the consumer device or user of the consumer device;

iv. send a tag [at least a portion] of said second plurality of tags [information] to said consumer device, sending the tag [at least a portion] of said second plurality of tags [information] to said consumer device enables said consumer device to at least: at least one or more of determine a first application corresponding to said tag comprising sets of instructions executable by a processor, access said first application and execute a set of instructions associated with said first application; and

v. associate a first user interface element with at least a first set of instructions, said first user interface element associated with said provider device, an interaction with said first user interface element enables execution of said first set of instructions, execution of said first set of instructions enables at least one or more of determining [at least a portion of] said second plurality of tags [information] and said sending the tag [at least a portion] of said second plurality of tags [information] to said consumer device.

45.   As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a provider device and consumer device compatible with Apple CarPlay, Android Auto, NissanConnect and Nissan Mobile Partner Applications which provide interactive services using applications.

46.   As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include at least one non-transitory computer-readable storage medium having a computer-readable program stored therein, the computer-readable program executable by a processor, said program comprising instructions when executed by a processor enables a provider device to at least receive information from a consumer device related to one or more apps (e.g., icons, application names, media content identifiers and/or web content).

47.   As exemplified in the information referenced in the above paragraphs

and the use of one or more of the Accused Products, the Accused Products include a computer-readable program comprising sets of instructions to enable the processor to determine a second plurality of tags, based on at least information comprising at least a portion of said first plurality of tags and based on an activity or environment of the consumer device or use of the consumer device as recited in the claim.

48.     Defendants encourage and instruct their customers and other end users in the use and operation of the Accused Products via advertisements, technical materials, instructional materials, communications through their dealership network, and otherwise.

49.     Defendants encourage, direct, aid, and abet the use, configuration, and installation of the Accused Products by, for example, instructing customers and end-users how to use the Accused Products in an infringing manner.

50.     Defendants have undertaken no effort to modify the Accused Products or instruct customers or end-users how to avoid infringement.

51.     Plaintiff has been damaged by Defendants' infringement of the '924 Patent.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,732,697

52.     Plaintiff incorporates the above paragraphs herein by reference.

53.     The '697 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

54.     The Accused Products facilitate access to applications on a computing device.

55.     Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including claim 34 of the '697 Patent by making, using, importing, selling, and/or, offering for sale the Accused Products in the United States without authority.

56.     Defendants have infringed and continue to infringe the '697 Patent either directly or through the acts of inducement in violation of 35 U.S.C. § 271.

57.     Defendants encourage others, including their customers, to use the Accused Products in the United States without authority.

58.     Claim 34 of the '697 Patent recites:

34. A computer program product (e.g., infotainment console software) for facilitating access to one or more applications by a computing device, the computer program product comprising at least one non-transitory computer-readable storage medium having computer-readable program code portions stored therein, said computer-readable program code portions comprising instruction for:

a. determining one or more contexts associated with at least one of the computing device and a user of the computing device, the one or more contexts describing at least one of an environment (e.g., infotainment console support of Apple CarPlay, Android Auto, and/or NissanConnect and Nissan Mobile Partner Applications) and an activity of the at least one of the user and the computing device (e.g., connecting/pairing with smartphone), whereby generating at least one contextual tag corresponding to the one or more

contexts;

b. identifying the one or more applications, wherein the one or more applications are associated with the at least one contextual tag, and wherein the one or more applications identified are one of:

 a new application not present on the computing device (e.g., resident on smartphone only); and

 an application present on the computing device, wherein the application existing on the computing device can use at least one of context and information as input; and

c. enabling display of at least a part of information related to at least one of:

 the one or more contexts; and

 the one or more applications.

59.     As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include at least one non-transitory computer-readable storage medium storing computer program code comprising instructions.

60.     Instructions stored in the Accused Products determine one or more contexts associated with at least one of the computing device and a user of the computing device that describe an environment or user activity (e.g., connecting a smartphone to the vehicle's infotainment system) and generate at least one contextual tag corresponding to the context.

61.     Instructions stored in the Accused Products identify an application

associated with the contextual tag that can use the information as input and enable display of the contextual information and application.

62.     Defendants knowingly encourage, aid, and direct others (e.g., end users and customers) to use and operate the Accused Products in an infringing manner.

63.     Defendants encourage and instruct their customers and other end users in the use and operation of the Accused Products via advertisements, technical materials, instructional materials, communications through their dealership network, and otherwise.

64.     Defendants encourage, direct, aid, and abet the use, configuration, and installation of the Accused Products by, for example, instructingcustomers and end-users how to use the Accused Products in an infringing manner.

65.     Defendants have undertaken no effort to modify the Accused Products or instruct customers or end-users how to avoid infringement.

66.     Plaintiff has been damaged by Defendants' infringement of the '697 Patent.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 10,255,059

67.     Plaintiff incorporates the above paragraphs herein by reference.

68.     The '059 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

69.     The Accused Products are designed to connect to provide interactive services using applications.

70.     Upon information and belief, Defendants have infringed and continue

to infringe one or more claims, including claim 1, or the '059 Patent by making, using, importing, selling, and/or offering for sale the Accused Products in the United States without authority.

71.     Defendants have infringed and continue to infringe the '059 Patent either directly or through the acts of inducement in violation of 35 U.S.C. § 271.

72.     Defendants encourage others, including their customers, to use the Accused Products in the United States without authority.

73.     Claim 1 of the '059 Patent recites:

1. A non-transitory computer-readable storage medium having at least a computer-readable program stored therein, said computer-readable program comprising a first set of instructions, at least one or more of accessing and executing said first set of instructions by a processor associated with a generator device enables said generator device to at least:

    a. enabling a determination of an audio-visual content comprising at least one or more of a sample of an audio content and a sample of a visual content, wherein said determination is enabled due to at least a capture of a portion of a one or more of the sample of the audio content and the sample of the visual content, by at least a one or more sensors associated with said generator device;

    b. determining a tag related information based on at least a portion of one or more of:

the sample of the audio content;

the sample of the video content;

c. enabling video transmission of at least said tag related information on a communication interface associated with said generator device, wherein said transmission enables a one or more computing devices to at least:

i. determining a first contextual tag, wherein said first contextual tag comprises information determined based on at least a portion of said tag related information;

ii. determining an application identification information based on at least a portion of said first contextual tag, said application identification information

identifying an application, wherein at least a portion of at least one of said application and said application identification information can be one or more of identified, determined and selected based on at least a portion of information in an application repository, said application repository allows data associated with at least one or more of an application and an application identification information to be:

i. added to said application repository;

ii. updated in the said application repository;

iii. modified in the said application repository;

iv. deleted from said application repository;

iii. enabling an activation of said application, wherein said activation comprises enabling a first execution of a second set of instructions associated

with said application;

d. receiving a first plurality of information on said communication interface associated with said generator device;

e. determining, based on at least a portion of said first plurality of information, at least a one or more of:

   i. a second contextual tag; and

   ii. a context value:

f. determining a third set of instructions based on at least a portion of said second contextual tag; and

g. enabling a second execution of at least said third set of instructions on said processor associated with said generator device, wherein said second execution enables said processor to at least one or more of processing and accessing at least a portion of said context value.

74.    As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a provider device and consumer device which provide interactive services using applications and are compatible with Google Assistant that is part of Android Auto and triggers Google Actions.

75.    As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a non-transitory computer-readable storage medium having at least a computer-readable program stored therein, said computer-readable program comprising a

first set of instructions, at least one or more of accessing and executing said first set of instructions by a processor associated with a generator device, enabling a determination of an audio-visual content comprising at least one or more of a sample of an audio content and a sample of a visual content, wherein said determination is enabled due to at least a capture of a portion of a on or more of the sample of the audio content and the sample of the visual content, by at least a one or more sensors associated with said generator device.

76.     As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a non-transitory computer-readable storage medium having at least a computer-readable program stored therein, said computer-readable program comprising a first set of instructions, at least one or more of accessing and executing said first set of instructions by a processor associated with a generator device, determining a tag related information based on at least a portion of one of more of the sample of the audio content and/or the sample of the video content.

77.     Defendants encourage and instruct their customers and other end users in the use and operation of the Accused Products via advertisements, technical materials, instructional materials, communications through their dealership network, and otherwise.

78.     Defendants encourage, direct, aid, and abet the use, configuration, and installation of the Accused Products by, for example, instructing customers and end-users how to use the Accused Products in an infringing manner.

79.     Defendants have undertaken no effort to modify the Accused Products or instruct customers or end-users how to avoid infringement.

80.     Plaintiff has been damaged by Defendants' infringement of the '059 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendants:

1.     declaring that the Defendants have directly and indirectly, as of the filing of this complaint, infringed the '155, '924, '697, and '059 Patents;

2.     awarding Plaintiff its damages suffered as a result of Defendants' infringement of the '155, '924, '697, and '059 Patents;

3.     awarding Plaintiff its costs, attorneys' fees, expenses, and interest; and

4.     granting Plaintiff such further relief as the Court finds appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury, Under Fed. R. Civ. P. 38.

Dated:  December 15, 2021

Respectfully Submitted

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2200
Austin, Texas 78701
Tel/Fax: (512) 865-7950

Cabrach J. Connor
Texas State Bar No. 24036390
cab@clands.com
**CONNOR LEE & SHUMAKER, PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
Tel: (512) 777-1254

**ATTORNEYS FOR PLAINTIFF**